UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Michael Louchart,

    Defendant.
_____/

Case No. 08-20133
Case No. 16-10460

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [133]**

This matter comes before the Court on Defendant's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons stated herein, Defendant's motion is DENIED.

**I.  Background**

On October 15, 2008, Defendant pled guilty to two counts of receiving and selling stolen firearms in violation of 18 U.S.C. §§ 922(j). This Court sentenced Defendant to 162 months of imprisonment. (Dkt. 108, at 2.) After the Sixth Circuit vacated the sentence and remanded for re-sentencing, the Court held an evidentiary hearing and again imposed a 162-month sentence. The Sixth Circuit affirmed and the Supreme Court denied certiorari. (Dkt. 125.) Defendant timely filed this § 2255 motion.

**II.  Standard**

Under 28 U.S.C. § 2255, a "prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, a petitioner must allege "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

### III. Analysis

#### A. Sentencing Guidelines

Defendant raises two Sentencing Guideline claims in his § 2255 motion. First, he challenges the applicability of the large capacity magazine sentence enhancement under U.S.S.G. § 2K2.1(a)(4)(B). Second, he challenges the grouping of multiple offenses under U.S.S.G. § 5G1.2. The government argues both claims fail for several reasons. The Court agrees with the government.

First, the government argues that Defendant's Sentencing Guideline claims are not cognizable in a § 2255 motion. (Dkt. 138, at 9-10.) Indeed, the Sixth Circuit has held that "an error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 unless there is a complete miscarriage of justice." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). The Court agrees that Defendant's Sentencing Guideline arguments fall short of indicating a complete miscarriage of justice.

The government also argues that Defendant's failure to raise the Guideline claims during the course of his direct appeals bars the Court from considering them in the present § 2255 motion. (Dkt. 138, at 10-12.) When a defendant has procedurally defaulted on a claim due to failure to raise it on direct appeal, he may only raise it in a § 2255 proceeding if he can first demonstrate either "'cause' and actual 'prejudice,'" or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Here, Defendant does not claim that he is actually innocent. And to find "cause" under the "cause and prejudice" test, the petitioner must establish that some objective external factor—*i.e.*, something that "cannot be fairly attributed to him"—impeded his ability to raise the claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Defendant has failed to point to any external factor that prevented him from raising his Guideline claims on direct appeal; accordingly, Defendant's Guideline claims are procedurally barred.

Even if Defendant's Guideline challenges were not procedurally barred, they would fail on the merits. First, Defendant's argument that the enhancement under § 2K2.1(a)(4)(B) was inappropriate because he "was never in possession" of a high capacity magazine misconstrues the Guideline at issue. (Dkt. 133, at 4.) The high capacity enhancement applies when "the *offense* involves a semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(4)(B) (emphasis added). At Defendant's resentencing hearing, the Court found that Defendant, at minimum, was involved with 60 stolen weapons during the commission of the offense. (Dkt. 109, at 43-51.) As indicated in the pre-sentence report ("PSR"), among the stolen handguns were at least two that utilized 16-round magazines. (PSR at ¶ 13.) Application Note 2 to § 2K2.1 defines a firearm with a large capacity magazine as one which could accept more than 15 rounds of ammunition. These qualifying handguns support the sentencing enhancement, and Defendant's challenge to the high capacity magazine enhancement fails. In addition, Defendant's challenge to the application of § 5G1.2 is also without merit. (Dkt. 133 at 34.) The Court properly applied § 5G1.2(d) to reach the determination that Defendant's sentences for multiple counts of conviction should run consecutively. Defendant's assertion than his "sentence exceeds the maximum allowed by law" is mistaken. (Dkt. 133 at 34.)

**B. Ineffective Assistance of Counsel**

Finally, Defendant alleges that his counsel was ineffective.[1] To prevail on an ineffective assistance claim, Defendant must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* In other words, Defendant must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To establish that his counsel's performance was prejudicial to his defense in the context of a guilty plea, Defendant must show that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial, rather than pleading guilty. *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)). A claim that a defendant "wound up with a less favorable plea or sentence than he otherwise would have accepted with the advice of competent counsel . . . is insufficient to establish actual prejudice." *Short v. United States*, 471 F.3d 686, 696-97 (6th Cir. 2006).

Defendant cannot demonstrate that his counsel's performance was either deficient or prejudicial based on her failure to raise the Guideline objections. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). Beyond his assertion that "but for [c]ounsel's errors the outcome would have been different," (Dkt. 133, at 23), Defendant fails to demonstrate how

---

[1] Unlike his Sentencing Guideline arguments, Defendant's ineffective assistance of counsel claim is not procedurally barred even though he did not raise this argument on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

his attorney would have obtained a better result if she had raised the Guideline objections. As noted above, Defendant's Guideline claims are meritless, and his attorney did not perform deficiently by failing to raise them. Therefore, Defendant was afforded neither deficient performance that fell below an objective standard of reasonableness, nor prejudice throughout the proceedings that resulted in a different outcome than would otherwise have occurred.

## IV. Conclusion

For the above-stated reasons, Defendant's § 2255 motion is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  August 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager